UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALARIA MASHANA AUSLER,<br><br>                    Plaintiff,<br><br>v.<br><br>PACIFIC MARITIME ASSOCIATION and DOES 1-10, inclusive,<br><br>                    Defendants. | No. C07-261Z<br><br>ORDER |

THIS MATTER comes before the Court on a motion for summary judgment brought by defendant Pacific Maritime Association ("PMA"), docket no. 17. Having considered all papers filed in support of and in opposition to PMA's motion for summary judgment, the Court enters the following Order.

**Background**

Plaintiff, Valaria Ausler, is an African American woman who was employed as a longshore worker in Seattle. Complaint, docket no. 3, ¶¶ 1, 3. She alleges that white employees flunking drug and alcohol tests were given a second retest and that she was not allowed to be retested because of her race. *Id.* ¶ 1. Defendant is an employer association which serves as a collective bargaining agent for steamship, stevedoring, and marine terminal operating companies on the west coast. Declaration of Joseph T. Weber ("Weber Decl."),

ORDER - 1

docket no. 18, ¶ 2. Defendant claims that all longshore workers who fail a "preemployment" drug test are expelled from the industry without being allowed to take a second test, regardless of race. *See id.* ¶¶ 7-8.

Pursuant to a collective bargaining agreement covering west coast ports, longshore workers generally receive daily work assignments through dispatch halls to different PMA employers on different days, depending on the number and location of ships in the port. *Id.* ¶ 3. Class A-registered workers have priority in dispatch to work assignments, followed by Class B limited registrants. *Id.* After registered longshore workers have been dispatched, other workers are hired as "casuals." *Id.* "Casuals" are divided into "identified casuals" and "unidentified casuals." *Id.* Unidentified casuals are the newest entry level workers on the waterfront. *Id.* Plaintiff was an unidentified casual. *Id.* ¶ 8.

The Joint Coast Labor Relations Committee ("CLRC"), which is made up of union and management representatives, regulates labor relations in west coast ports. *Id.* ¶ 4. The CLRC issues coastwide rules regarding entry into and dismissal from the industry, including drug and alcohol testing requirements. *Id.* Longshore workers are drug screened in various situations. *Id.* ¶ 8. One situation for drug screening is during "preemployment." At all times material to this case, an unidentified casual who worked fifty hours in the industry qualified for "preemployment" testing. *Id.* This is the situation that applied to plaintiff. *Id.*

Casual workers are not allowed to retest under CLRC rules. *Id.* On April 21, 2004, for example, the CLRC denied the request, based on CLRC rules and guidelines, of three Caucasian "unidentified casuals" to retake the drug and alcohol test. *Id.* In addition, records produced by defendant show that casual longshore workers who fail the preemployment drug test are placed on inactive status regardless of race. *Id.* ¶¶ 13-14 and Exhibit L. The records show that out of approximately 140 casuals who failed the preemployment drug test since 1990, all but one are on "inactive" status, meaning they left the industry after failing the drug test and never returned. *Id.* The one worker who was allowed to reenter the industry was

able to satisfy certain hourly requirements, which most unidentified casual workers, including plaintiff, cannot satisfy. <u>Id.</u>

Plaintiff began as an entry level employee in 2003. Complaint ¶ 22. She completed fifty hours of work and became eligible for various testing in early 2004. <u>Id.</u> ¶ 23. Plaintiff then took the drug screen test in June 2004. <u>Id.</u> ¶ 24. Her marijuana screen came back positive, and she requested that a retest be performed on the remainder of the sample already provided. <u>Id.</u> ¶ 25. The retest also came back positive. Declaration of Sandra Starkey, docket no. 20, ¶ 4 and Exhibit B.[1] Plaintiff was then placed on "no dispatch" due to her drug test failure. Complaint ¶ 26. Defendant denied plaintiff's request to retake the test with a new sample. <u>Id.</u> ¶ 26.

Plaintiff filed a charge with the Equal Employment Opportunity Commission and later received a right to sue letter. <u>Id.</u> ¶¶ 7-8.

**Discussion**

**A.     Motion to Strike**

Defendant moves to strike the Amended Declaration of Roderick C. Demmings, docket no. 24. Revised Reply and Motion to Strike, docket no. 28. Plaintiff seeks admission of the Demmings declaration and therefore bears the burden of proof of admissibility. <u>Pfingston v. Ronan Eng'g Co.</u>, 284 F.3d 999, 1004 (9th Cir. 2002). Defendant argues that Mr. Demmings does not have personal knowledge, as required by FRE 602, of either the results of Ms. Fairbanks's drug test or of any drug test retake. Defendant also argues that Ms. Fairbanks's statement that she failed her drug test is hearsay. Plaintiff does not respond to defendant's objection and motion to strike, which under Local Rule CR 7(b)(2) may be

---

[1] In addition, defendant agreed to have a third-party expert review drug-testing protocol to ensure that the testing of plaintiff's specimen complied with accepted standards. Declaration of Thomas Edwards, docket no. 21, ¶ 4 and Exhibit A. The expert concluded that proper testing procedures were followed and confirmed that the test results indicated recent use of marijuana by plaintiff. <u>Id.</u> ¶ 8 and Exhibit C.

ORDER  - 3

considered as an admission that the motion has merit.  The Court GRANTS defendant's motion to strike in part, and strikes as hearsay the portion of paragraph six of the declaration stating "While there, I over heard a conversation between Elizabeth Fairbanks and Robert Dalzell.  Ms. Fairbanks stated that she had failed the drug test and wondered what she should do next."

**B.     Summary Judgment Standard**

The Court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex*, 477 U.S. at 323; rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson*, 477 U.S. at 249.

When a properly supported motion for summary judgment has been presented, the adverse party "may not rely merely on allegations or denials in its own pleading."  Fed. R. Civ. P. 56(e)(2).  The non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial.  *Id.*; *Anderson*, 477 U.S. at 256.

**C.     Plaintiff's Claims**

Under Title VII, 42 U.S.C. § 1981, and chapter 49.60 RCW, in the absence of direct evidence of discrimination, courts employ the three-part burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) ("Typically, we apply the familiar *McDonnell Douglas* burden shifting framework for Title VII and § 1981 claims.  A plaintiff may alternatively proceed by simply producing 'direct or circumstantial evidence

ORDER  - 4

demonstrating that a discriminatory reason more likely than not motivated the employer.'" (citations omitted)); *Hines v. Todd Pac. Shipyards Corp.*, 127 Wn. App. 356, 370-71, 112 P.3d 522 (2005) ("Washington courts have adopted the *McDonnell Douglas/Burdine* three-part burden allocation framework for disparate treatment cases." (citing *McDonnell Douglas* and *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)).

To present a prima facie case of disparate treatment, the plaintiff must prove that (i) she is a member of a protected class, (ii) she was qualified for her position, (iii) she experienced an adverse employment action; and (iv) similarly situated individuals outside her protected class were treated more favorably, or that "other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)); *see also Clarke v. Office of the Attorney Gen.*, 133 Wn. App. 767, 788-89, 138 P.3d 144 (2006).

Only if a plaintiff presents sufficient evidence of a prima facie case does the burden shift to the employer to provide evidence of legitimate, nondiscriminatory reasons for its actions. *See Surrell*, 518 F.3d at 1106, 1108; *see also Hines*, 127 Wn. App. at 371. The final burden rests on the plaintiff to produce evidence that the asserted reasons are merely a pretext for discrimination. *See Surrell*, 518 F.3d at 1106, 1108; *Hines*, 127 Wn. App. at 371.

To establish pretext, the plaintiff must put forward specific evidence indicating that the articulated nondiscriminatory reasons are "unworthy of belief." *Hines*, 127 Wn. App. at 372; *see Lindahl v. Air France*, 930 F.2d 1434, 1437-38 (9th Cir. 1991) ("We have made clear that a plaintiff cannot defeat summary judgment simply by making out a prima facie case. . . . '[T]he defendant's articulation of a legitimate nondiscriminatory reason serves . . . to shift the burden back to the plaintiff to raise a genuine factual question as to whether the proffered reason is pretextual.'. . . [The plaintiff] must produce specific facts either directly evidencing a discriminatory motive or showing that the employer's explanation is not

ORDER - 5

credible."). "Speculation and belief are insufficient to create a fact issue as to pretext. Nor can pretext be established by merely conclusory statements of a plaintiff who feels that he has been discriminated against." *Hines*, 127 Wn. App. at 372 (quoting *McKey v. Occidental Chem. Corp.*, 956 F. Supp. 1313, 1319 (S.D. Tex. 1997)). Moreover, summary judgment may be granted in favor of an employer even when the employee has created a weak issue of fact concerning pretext, if abundant, uncontroverted, independent evidence indicates that no discrimination occurred. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000); *see also Tyner v. Dep't of Soc. & Health Servs.*, 137 Wn. App. 545, 564, 154 P.3d 920 (2007).

Here, plaintiff fails to present a prima facie case. She offers no admissible evidence that non-protected employees were treated more favorably with respect to retaking a drug screen test, and the circumstances surrounding the adverse employment action do not give rise to an inference of discrimination. Because plaintiff has not established a prima facie case the burden does not shift to the defendant to produce evidence of legitimate, nondiscriminatory reasons for its actions. *See Surrell*, 518 F.3d at 1106, 1108; *see also Hines*, 127 Wn. App. at 371.

Even if plaintiff had established a prima facie case, defendant has provided a legitimate, nondiscriminatory reason for expelling plaintiff: she failed the preemployment drug screen test, which disqualified her from dispatch according to a well-established, collectively-bargained rule. *See* Weber Decl. ¶¶ 7-15. As such, under the burden-shifting framework, plaintiff must show that defendant's articulated reason is pretextual. However, plaintiff does not offer any admissible evidence of pretext, such as comparative evidence, statistical evidence, or discriminatory statements and admissions. *See Miles v. M.N.C. Corp.*, 750 F.2d 867, 870 (11th Cir. 1985) (discussing the three types of evidence a plaintiff can use to prove pretext).

Because plaintiff fails to establish a prima facie case and fails to offer any admissible evidence of pretext, the Court GRANTS defendant's motion for summary judgment, docket no. 17, and DISMISSES with prejudice all of plaintiff's claims.

IT IS SO ORDERED.

DATED this 26th day of September, 2008.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge